IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY BLUFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PREMIER BANKCARD, LLC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/7 ("Illinois Consumer Fraud Act").

2. The TCPA was enacted to prevent companies like Premier Bankcard, LLC. from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242, 1255-56 (11th Cir. 2014).

5. The Illinois Consumer Fraud Act, was designed "to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

## JURISDICTION AND VENUE

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1367. *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

7.     The alleged violations described herein occurred in Cook County, Illinois. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person residing in Cook County, Illinois.

9.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

10.    Defendant is a limited liability company organized under the law of South Dakota, with offices at 3820 N. Louise Ave., Sioux Falls, SD 57107-0145, and transacting business in the State of Illinois.

11.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (708) XXX-0359, and was the called party and recipient of Defendant's hereafter described calls.

12.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on her cellular telephone without Plaintiff's prior consent.

13.    Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14.    Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15.    Each call the Defendant made to the Plaintiff's aforementioned cellular telephone

number was done so without the "express permission" of the Plaintiff.

16. Plaintiff does not now, nor has she ever, received goods or services from Defendant.

17. Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant.

18. Plaintiff has never provided her cellular telephone number to Defendant.

19. In or about the fall of 2012, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (877) 635-2569.

20. In or about August of 2014, due to the ceaseless barrage of phone calls from Defendant, Plaintiff answered a call from Defendant on her aforementioned cellular telephone, received a pre-recorded message played by Defendant's system, held the line to be connected to a live representative, and informed an agent/representative of Defendant that she was not the Quentin Mayberry that Defendant was attempting to contact, that she did not know where they could locate Quentin Mayberry, and to stop calling her aforementioned cellular telephone number.

21. During the aforementioned August of 2014 phone call from the Defendant, Plaintiff expressly revoked any express consent Defendant mistakenly believed it may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

22. Despite informing Defendant that she was not Quentin Mayberry and demanding that they cease placing calls to her aforementioned cellular telephone number, Plaintiff continued to receive calls from Defendant on a daily basis.

23. To date, Defendant has placed approximately one hundred (100) phone calls to Plaintiff's aforementioned cellular telephone number [Please see **Exhibit A** demonstrating at least 12 phone calls from October 30, 2014 to November 11, 2014.]

24. Calls by the Defendant to Plaintiff's aforementioned cellular telephone number continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

25. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

26. Despite actual knowledge of their having called the wrong person, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

27. Defendant used frequent and unrelenting calls as a means of intimidating and harassing Plaintiff to convince her to pay a debt for which she was not responsible.

28. Due to Defendant's constant calls and demands for payment Plaintiff has suffered actual damages in the form of loss of time, expense, emotional distress, frustration, worry, anger, and loss of enjoyment of life.

29. Upon information and belief, the telephone calls made by Defendant were placed using automated telephone dialing equipment, without human intervention.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to the Plaintiff's cellular telephone in this case.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to call the Plaintiff's aforementioned cellular telephone number in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

32. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they do not do business with the Defendant, that the Defendant has the wrong number, and to stop calling.

33. Defendant has numerous complaints against it from persons across the country asserting that its automatic telephone dialing system continues to call the wrong people.

34. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

35. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. Defendant violated the TCPA with respect to the Plaintiff.

37. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I – VIOLATION OF THE TCPA

38. Plaintiff incorporates paragraphs 1-37.

39. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

40. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    i. Statutory damages,

    ii. Actual damages,

    iii. An injunction against further calls,

    iv. Costs, and

    v. Any other such relief the Court may deem just and proper.

### COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff incorporates paragraphs 1-40.

42. While engaged in trade or commerce, Defendant committed unfair and/or deceptive acts or practices declared unlawful under Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

    a. Engaging in a practice by which Defendant continues to call and harass consumers in an attempt to collect a debt not owed;

    b. With the intent that Plaintiff rely on the unfair practice of repetitious deceptive calls to collect a debt when, in fact, Plaintiff is not responsible for the debts claimed;

    c. In the course of attempting to collect the balance of a consumer credit card debt.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

    i. Actual damages,

    ii. Punitive damages,

    iii. Attorneys fees and costs,

    iv. An injunction against further calls, and

    v. Any other such relief the Court may deem just and proper.


                      /s/ Daniel A. Edelman
                      Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

*Application for pro hac to be filed*:

Amanda Allen
MORGAN & MORGAN, TAMPA, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
Aallen@ForThePeople.com

## JURY DEMAND

    Plaintiff demands trial by jury.

                                          /s/ Daniel A. Edelman
                                          Daniel A. Edelman

T:\31454\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


          /s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                  /s/ Daniel A. Edelman
                                                  Daniel A. Edelman